PUBLIC VERSION

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| VIETNAM FINEWOOD COMPANY LIMITED FAR EAST AMERICAN, INC. AND LIBERTY WOODS INTERNATIONAL, INC., <br><br>Plaintiffs,<br><br>and<br><br>INTERGLOBAL FOREST LLC,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD,<br><br>Defendant-Intervenor. | Consol. Ct. No. 22-00049<br><br>**PUBLIC VERSION**<br><br>Proprietary Information Removed from Brackets on Pages 2-4 |

## CONSOLIDATED PLAINTIFF INTERGLOBAL FOREST LLC'S REPLY TO DEFENDANT THE UNITED STATES POST-ARGUMENT SUBMISSION

Consolidated Plaintiff Interglobal Forest LLC ("IGF") submits this reply to Defendant the United States' Post-Argument Submission responding to questions set forth in Judge Mark A. Barnett's correspondence dated March 16, 2023 as to the citation for per-ply tolerances relied upon by the Commerce Department ("Commerce") in its Preliminary Scope Ruling (Questions for Oral

1

PUBLIC VERSION

Argument, Dkt. No. 52 which the Court discussed at oral argument on March 21, 2023). Moreover, to the extent they are applicable to IGF's Reply, IGF adopts the arguments made in any Reply by Plaintiffs Vietnam Finewood Company Limited ("Finewood"), Far East American, Inc. ("FEA"), and Liberty Woods International, Inc. to Defendant the United States' Post-Argument Submission.

## I. Defendant's Citations to the Bill of Materials Do Not Support Its Position That The Sophistication of Processing in China is Greater Than That Undertaken in Vietnam.

In its Post Argument Submission, Defendant United States attempts to bolster Commerce's position that the nature and sophistication of processing that occurs in China is greater than the sophistication of processing undertaken in Vietnam by pointing to the Bill of Materials submitted by Chengen (Exhibit SQ3-24. J.A. 16 at C.R. 30). According to Defendant, Commerce relied upon the Bill of Materials "to determine that the veneers are produced on equipment that is calibrated to specific and precise sizes with finished product tolerances of as little as only [ ]mm per ply."[1] As set forth below, Commerce's determination as to per-ply tolerances used in the manufacture of hardwood plywood is wrong and is not supported by the very production records it cites.

## II. Defendant's Citation For Commerce's Finding Regarding Per-Ply Tolerances Is Erroneous And Not Supported By The Administrative Record.

Despite the United States' claim, there is no reference to tolerances of [ ]mm per ply anywhere in the Bill of Materials Dongfongjuxin Production Guide (the "Production Guide"). Rather, the Production Guide specifies that the

---

[1] *Id.* at pp. 2-3.

2

PUBLIC VERSION

[███████████████████████████████████████████████████████████████████]

Significantly, the reference to the tolerances of finished goods and finished plywood does not reflect the sophistication in China. Rather, the tolerances reflect the sophistication of the processes undertaken in Vietnam.

### III. Defendant Misstates The Specifications In The Production Guide, Which Actually Reflect That Veneers In China Are Not Made On Calibrated Equipment Which Is Specific And Precise.

Next, in order to bolster the position that the equipment in China is sophisticated, Defendant cites to Commerce's determination that "the face veneers are a mere [███]mm in thickness."[3] Once again, the Bill of Materials is misstated. Each page of the Production Guide states that "The thickness of birch face veneer shall be[ ████████████████████████████ ] A veneer that is **"about"** [████████], thus more or less [████████], is hardly calibrated on a piece of equipment that is specific and precise.

### IV. Defendant Ignores Evidence In The Administrative Record That Core Veneer Peeling In China Is Not Sophisticated, But Is Actually Extremely Low Tech.

The United States also refers to Commerce's determination that "core veneers are between [████████]mm thick" as evidence that the equipment in China is sophisticated.[5] This reference to the purported sophisticated processing of core veneers ignores the evidence produced in this matter. Notably, in a declaration dated May 21, 2020, [███████████████████████

---

[2] *See* Exhibit SQ3-24, J.A. 16 at C.R. 30.
[3] *See* Defendant's Post Argument Submission at p.2.
[4] *See* Exhibit SQ3-24, J.A. 16 at C.R. 30
[5] *See* Defendant's Post Argument Submission at p. 2.

PUBLIC VERSION

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ states the "core veneer peeling *in China* is extremely low tech, requiring minimal equipment, no R&D, and minimal training."[6]

**V.     Conclusion.**

In light of the above, the Court should find that the nature and sophistication of the processing in China is not as sophisticated and precise as the Defendant claims.

.

Dated: March 31, 2023                                       Respectfully submitted,

                                                                                    */s/ Thomas H. Cadden*
                                                                            Thomas H. Cadden
                                                                            CADDEN & FULLER LLP
                                                                            2050 Main Street, Suite 260
                                                                            Irvine, CA 92614
                                                                            Tel.: (949) 788-0827
                                                                            Email: tcadden@caddenfuller.com
                                                                            Counsel for Plaintiff,
                                                                            InterGlobal Forest LLC

---

[6] *See* Declaration of [▓▓▓▓▓▓▓▓▓▓▓] dated May 21, 2020 attached as Exhibit A to Ltr. From DeKieffer & Horgan dated April 30, 2021, J.A. 20 at P.R. 100, C.R. 125.