A-570-051, C-570-052<br>
Remand<br>
Slip Op. 23-58<br>
**Public Document**<br>
E&C/OV:  KJA

*Vietnam Finewood Company Limited, et al., v. United States*
**Consol. Court No. 22-00049, Slip Op. 23-58 (CIT April 20, 2023)**
**Certain Hardwood Plywood Products from the People's Republic of China**

**FINAL RESULTS OF REDETERMINATION**
**PURSUANT TO COURT REMAND**

**I.    SUMMARY**

The U.S. Department of Commerce (Commerce) has prepared these final results of redetermination in accordance with the opinion and remand order of the U.S. Court of International Trade (the Court) in *Vietnam Finewood Company Limited, et al., v. United States*, Consol. Court No. 22-00049, Slip Op. 23-58 (CIT April 20, 2023) (*Remand Order*).  These final results of redetermination concern the covered merchandise referral from U.S. Customs and Border Protection (CBP), CBP Enforce and Protect Act (EAPA) Investigation No. 7252,[1] and Commerce's resultant scope ruling,[2] which covered certain hardwood plywood products (hardwood plywood) assembled by Vietnam Finewood Company Limited (Finewood) in the Socialist Republic of Vietnam (Vietnam) using two-ply panels imported from the People's Republic of China (China).  The Court concluded that the scope of the antidumping and

---

[1] *See* Memorandum, "U.S. Customs and Border Protection Enforce and Protect Act Investigation No. 7252, Certain Hardwood Plywood Products from the People's Republic of China (A-570-051 and C-570-052); Placement of Covered Merchandise Referral Documents on the Record," dated January 21, 2020 (placing on the record CBP's Letter, "Scope Referral Request for Merchandise under EAPA Cons. Investigation 7252, Imported by Far East America, Inc., CIEL Group, American Pacific Plywood, Interglobal Forest, and Liberty Woods International, Inc., ('Importers'), and Concerning the Investigation of Evasion of the Antidumping and Countervailing Duty Orders on Hardwood Plywood from the People's Republic of China (A-570-051 and C-570-052)," dated September 16, 2019).
[2] *See* Memorandum, "Antidumping Duty and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China, Enforcement and Protect Act (EAPA) Investigation No. 7252:  Final Scope Ruling," dated January 21, 2022 (Final Scope Ruling).

countervailing duty orders on hardwood plywood from China,[3] when read in light of the sources enumerated in 19 CFR 351.225(k)(1), "unambiguously establishes that the {} *Orders* do not include Chinese two-ply panels."[4]  The Court further stated that the scope of the *Orders* "unambiguously covers hardwood plywood and certain veneered panels that … are collectively described as hardwood plywood 'consisting of two or more layers of plies of wood veneers and a core,' *i.e.*, at least three plies."  As a result, the Court held that Commerce's Final Scope Ruling was not in accordance with the law.[5]  The Court instructed Commerce to issue a scope ruling concerning Finewood's two-ply panels that is consistent with the unambiguous meaning of the *Orders*.[6]

In accordance with the *Remand Order*, we have reconsidered the Final Scope Ruling.  After considering the views of the Court, we find, under protest,[7] that the hardwood plywood exported to the United States by Finewood that was produced using two-ply panels imported to Vietnam from China are not subject to the scope of the *Orders*.

On June 5, 2023, Commerce released to interested parties the Draft Remand and established June 12, 2023, as the deadline for interested parties to submit comments on the Draft Remand.[8]  On June 9, 2023, at the request of the Coalition for Fair Trade in Hardwood Plywood (the petitioner), we extended the deadline for all interested parties to submit comments on the Draft Remand until June 13, 2023.[9]  On June 13, 2023, Commerce received comments on the

---

[3] *See Certain Hardwood Plywood Products from the People's Republic of China:  Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 83 FR 504 (January 4, 2018); and *Certain Hardwood Plywood Products from the People's Republic of China:  Countervailing Duty Order*, 83 FR 513 (January 4, 2018) (collectively, *Orders*).
[4] *See Remand Order* at 16.
[5] *Id.* at 31.
[6] *Id.* at 38; *see also Orders*.
[7] *See Viraj Group, Ltd. v. United States*, 343 F. 3d 1371, 1376 (Fed. Cir. 2003) (*Viraj*).
[8] *See* Draft Results of Remand Redetermination, *Vietnam Finewood Company Limited, et al., v. United States*, Consol. Court No. 22-00049, Slip Op. 23-58, dated June 5, 2023 (Draft Remand).
[9] *See* Memorandum, "Comments on Draft Redetermination," dated June 9, 2023.

Draft Remand from the petitioner,[10] and from two U.S. importers of plywood produced by Finewood, Far East American, Inc. (Far East), and Liberty Woods International, Inc. (Liberty Woods).[11]

## II.   BACKGROUND

On September 16, 2019, Commerce received a covered merchandise referral from CBP regarding CBP EAPA Investigation No. 7252, which concerned the *Orders*. Specifically, based on an allegation by Plywood Source LLC, a company located in California, CBP requested that Commerce issue a determination as to whether hardwood plywood produced in Vietnam by Finewood using two-ply panels of Chinese origin, which were incorporated into plywood cores and further processed in Vietnam to include the face and back veneers of non-coniferous wood, were within the scope of the *Orders*.

In the underlying scope determination, Commerce noted that the scope included both "hardwood and decorative plywood," as well as "certain veneered panels." Further, while we found that the plain language of the scope defined the term "hardwood plywood," we found that it was ambiguous with respect to the definition of "certain veneered panels."[12] Having found the scope lacked a definition for certain veneered panels, Commerce turned to the sources enumerated in 19 CFR 351.225(k)(1) and found those sources to support a definition of certain veneered panels as "a veneer of hardwood affixed to a base, usually of inferior wood, by gluing under pressure." Consequently, Commerce determined that the two-ply panels Finewood imported from China and used to produce hardwood plywood in Vietnam met the definition of

---

[10] *See* the Petitioner's Letter, "Comments on Draft Remand," dated June 13, 2023 (Petitioner's Comments).
[11] *See* Far East and Liberty Woods' Letter, "Vietnam Finewood Scope Ruling – Comments on Draft Remand," dated June 13, 2023 (Far East and Liberty Woods' Comments).
[12] *See* Memorandum, "Antidumping Duty and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China, Enforcement and Protect Act (EAPA) Investigation No. 7252: Preliminary Scope Ruling," dated August 26, 2021 (Preliminary Scope Ruling), at 11-12, unchanged in Final Scope Ruling.

certain veneered panels, and, thus, were covered by the scope of the *Orders*.[13]  Commerce then conducted a substantial transformation analysis to determine whether the two-ply panels imported by Finewood were substantially transformed via the further processing in Vietnam such that the country-of-origin of the resultant hardwood plywood would shift from China to Vietnam.[14]

On January 21, 2022, Commerce issued its Final Scope Ruling that the two-ply panels in question are certain veneered panels that are covered by the scope of the *Orders*.[15]  Further, Commerce determined that the hardwood plywood Finewood exported to the United States, which was assembled in Vietnam using two-ply panels imported from China, were Chinese country of origin because the two-ply panels were not substantially transformed by the processing occurring in Vietnam.

### III.  ANALYSIS

The Court concluded that the scope language "unambiguously" establishes that the *Orders* do not include Chinese two-ply panels, and the hardwood plywood and certain veneered panels covered by the *Orders* must be composed of "two or more layers or plies of wood veneers and a core," *i.e.*, at least three plies.[16]  In light of the Court's finding that the scope of the *Orders* is not ambiguous, there is no need for Commerce to examine the sources enumerated in 19 CFR 351.225(k)(1) to determine whether, based on the primary interpretive sources, two-ply panels are subject to the *Orders*.  In addition, because the two-ply panels imported by Finewood from China to Vietnam are not covered by the scope of the *Orders* and this merchandise cannot be brought under the scope of the *Orders* by the processing in Vietnam described in the covered

---

[13] *See* Preliminary Scope Ruling at 13-14.
[14] *Id.* at 15-31.
[15] *See* Final Scope Ruling.
[16] *See Remand Order* at 31.

merchandise referral, it is not necessary for Commerce to conduct a substantial transformation analysis.

Therefore, after considering the views of the Court, we find, under protest,[17] that the hardwood plywood exported to the United States by Finewood that was produced using two-ply panels imported to Vietnam from China is not subject to the scope of the *Orders*.

### III.  COMMENTS FROM INTERESTED PARTIES

As noted above, on June 5, 2023, Commerce released the Draft Remand and invited parties to comment. The petitioner, Far East, and Liberty Woods submitted comments on the Draft Remand. These comments are addressed below.

**Issue:  Draft Results of Redetermination**

*The Petitioner's Comments:*[18]

- The language of the orders and the (k)(1) materials demonstrate that two-ply panels imported by Finewood into Vietnam from China are covered by the scope of the *Orders* and that such panels are not substantially transformed by further processing in Vietnam.

- Commerce's Draft Remand complies with the *Remand Order*.

- Consistent with the Draft Remand, Commerce should also issue its final redetermination under protest.

- Notwithstanding the Court's *Remand Order*, Commerce should confirm that nothing in its remand determination limits its ability to find that two-ply panels are covered by the *Orders* via circumvention.

---

[17] *See Viraj*, 343 F. 3d at 1376.
[18] *See* Petitioner's Comments at 1-3.

5

*Far East and Liberty Woods' Comments*:[19]

- Although Commerce stated in the Draft Remand that, in light of the Court's finding that the scope language unambiguously established that two-ply panels are not covered by the *Orders*, the *Remand Order* explained that Commerce's Final Scope Ruling was at odds with the scope language *as interpreted* based on the primary (k)(1) sources.
- Insofar as the Draft Remand finds that plywood produced by Finewood using two-ply panels from China is not covered by the *Orders* and that a substantial transformation analysis is unnecessary, Far East and Liberty Woods agree with the Draft Remand.

**Commerce's Position:**

Given that no party disagrees with the conclusion in the Draft Remand, Commerce is making no changes for these final results of redetermination. Accordingly, we continue to issue these final results of redetermination under protest. With respect to the petitioner's request that Commerce confirm that nothing in this remand determination limits our ability to find that two-ply panels are covered by the *Orders* via circumvention, the issue of circumvention is not at issue in this remand redetermination. Therefore, it would be inappropriate to address that issue in this remand proceeding.

---

[19] *See* Far East and Liberty Woods' Comments at 1-3.

IV.     **FINAL RESULTS OF REDETERMINATION**

After considering the views of the Court, we find, under protest,[20] that the hardwood plywood exported to the United States by Finewood that was produced using two-ply panels imported to Vietnam from China are not subject to the scope of the *Orders*.

6/16/2023

X _____

Signed by: ABDELALI ELOUARADIA

Abdelali Elouaradia
Deputy Assistant Secretary
 for Enforcement and Compliance

---

[20] *See Viraj*, 343 F. 3d at 1376.